Austin H. England
Austin H. England, P.C., Of Counsel
Texas State Bar No. 06619750
THE HARRIS FIRM, P.C.
Attorneys and Counselors at Law
5050 W. Lovers Lane
Dallas, Texas  75209
214.956.7474 Office
214.956.7405 Fax
austin@harrisfirmpc.com
ATTORNEYS FOR PLAINTIFF



FILED
DEC 1 3 2013
TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHER DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In Re:  KAREN MOYER<br>Debtor | §<br>§<br>§ | CASE NO. 12-35561-sgj |
| ——————————————— | §<br>§ | |
| KAREN E. MOYER,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | ADVERSARY NO. 12-03240-sgj |
| FANNIE MAE, SETERUS, INC. and<br>McCARTHY, HOLTHUS &<br>ACKERMAN, LLP<br>Defendant. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANTS FANNIE MAE and SETERUS, INC.'s
## MOTION FOR SUMMARY JUDGMENT

Austin H. England
Austin H. England, P.C., Of Counsel
Texas State Bar No. 06619750
THE HARRIS FIRM, P.C.
Attorneys and Counselors at Law
5050 W. Lovers Lane
Dallas, Texas  75209
214.956.7474 Office
214.956.7405 Fax
austin@harrisfirmpc.com
**ATTORNEYS FOR PLAINTIFF**

# TABLE OF CONTENTS

A. Introduction ......... 1

B. Statement of Facts ......... 3

C. Standard of Review ......... 6

D. Argument ......... 7

    1. Plaintiff's Claims ......... 7

        a.    Plaintiff's breach of contract claim must not be dismissed because she does have a need to mitigate her damages. ......... 7

        b.    Plaintiff's claims must not be dismissed because the appraisal reflected in Exhibit "B" demonstrates that repair of the Property is economically feasible. ......... 8

        c.    Plaintiff's breach of contract claim must not be dismissed because the Defendants were not authorized to hold the insurance proceeds, under the circumstances of this case. ......... 8

        d.    Plaintiff's claim for breach of the Duty of Cooperation must not be dismissed because there is a genuine issue of material fact as to whether or not the Defendants interfered with Plaintiff's ability to perform under the contract. ......... 10

        e.    Plaintiff's request for injunctive relief must not be dismissed because she has pleaded viable cause of action and shown a probable right of recovery. ......... 12

        f.    Plaintiff's claims are not moot because the appraisal reflected in Exhibit "B" attached hereto demonstrates that repair the Property would sufficiently improve its value to permit the Plaintiff to sell the property for a profit and thereby pay off her indebtedness to the Defendants. ......... 13

    2. Defendants' Counterclaims ......... 14

        a.    Defendants are not entitled to summary judgment on their claim for breach of contract because Defendants breached their Duty of Cooperation and because they did not perform under the contract(s) sued upon. ......... 14

            i.    Defendants did not perform under the contract(s) sued upon because they held the insurance proceeds and were not authorized to hold the insurance proceeds, under the circumstances of this case. ......... 14

    ii.    Defendants breached their Duty of Cooperation under the
            contract(s) at issue in this case.        16

    iii.    Because the Defendants have failed to establish their
            entitlement to summary judgment on their Breach of
            Contract claim, the Defendants are not entitled to attorneys'
            fees.        17

b.    Defendants are not entitled to summary judgment on their claim for
      suit on the note because Defendants breached their Duty of
      Cooperation and because they did not perform under the contract(s)
      sued upon.        17

    i.    Defendants did not perform under the contract(s) sued upon
            because they held the insurance proceeds and were not
            authorized to hold the insurance proceeds, under the
            circumstances of this case.        17

    ii.    Defendants breached their Duty of Cooperation under the
            contract(s) at issue in this case.        19

    iii.    Because the Defendants have failed to establish their
            entitlement to summary judgment on their Suit on the Note
            claim, the Defendants are not entitled to attorneys' fees.    21

E.  Conclusion        21

# TABLE OF AUTHORITIES

**Cases:**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) 6

*J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996) 6

*Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1236-37 (10th Cir. 2002) 6

*Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir. 1985) 12

*Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex. 1993) 12

**Rules:**

Fed. R. Civ. P. 56(c) 6

Fed. R. Civ. P. 56(e) 6

Austin H. England
Austin H. England, P.C., Of Counsel
Texas State Bar No. 06619750
THE HARRIS FIRM, P.C.
Attorneys and Counselors at Law
5050 W. Lovers Lane
Dallas, Texas 75209
214.956.7474 Office
214.956.7405 Fax
austin@harrisfirmpc.com
ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHER DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In Re: **KAREN MOYER**<br>**Debtor** | § | **CASE NO. 12-35561-sgj** |
| | § | |
| | § | |
| | § | |
| **KAREN E. MOYER,**<br>**Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **ADVERSARY NO. 12-03240-sgj** |
| **FANNIE MAE, SETERUS, INC. and**<br>**McCARTHY, HOLTHUS &**<br>**ACKERMAN, LLP**<br>**Defendant.** | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANTS FANNIE MAE and SETERUS, INC.'s
## MOTION FOR SUMMARY JUDGMENT

**COMES NOW, KAREN E. MOYER** ("Plaintiff") and asks this court to deny

Defendants' motion for summary judgment.

### A. Introduction

1.     Plaintiff is **KAREN E. MOYER**; defendants are **FANNIE MAE,**

**SETERUS, INC. and McCARTHY, HOLTHUS & ACKERMAN, LLP.**

2.     Plaintiff sued Defendants for: Breach of Contract; Violations of Deceptive Trade Practices Act; Breach of Duty of Cooperation; and Breach of Fiduciary Duty and has sought an Application for Temporary Restraining Order and Temporary Injunction.

3.     Defendants Fannie Mae and Seterus, Inc. have filed an answer asserting the following affirmative defenses: Plaintiff's claims are barred because one or more of the material obligations of the Note and Security Instrument have not been satisfied; Plaintiff's claims are barred by the equitable doctrine of waiver; Plaintiff's claims are barred by the waiver provisions contained in the deed of trust at issue in this lawsuit; any allegedly wrongful acts or omissions of Defendants, if and to the extent such acts and omissions occurred, were legally excused or justified; Plaintiff's claims are barred by the "one satisfaction" doctrine; Plaintiff's claims are barred by the "economic loss" doctrine; Plaintiff failed to mitigate or minimize her alleged damages; Defendants deny that all conditions precedent to a right of recovery have been satisfied; Plaintiff's claims are barred by the applicable statute of limitations; Plaintiff's claims are barred by the statute of frauds; Plaintiff's claims are barred by the doctrine of unclean hands and *in pari delicto*; and Plaintiff has failed to state a claim upon which relief may be granted; Defendants deny that any misrepresentation was made to Plaintiff and would also show that any representation made regarding the mortgage contract is required to be in writing to be effective and is inadmissible pursuant to the parol evidence rule; Fannie Mae is a Federal instrumentality and is not liable for unauthorized acts of third-parties; Any and all conduct or activity by Defendants alleged by Plaintiff conformed to any and all applicable state and federal statutes, codes, and regulations at all times relevant herein; Defendants

assert the defense of bona fide error; Any award of pre-judgment interest is limited by the dates and amounts set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil practice & Remedies Code; Some or all of Plaintiff's claims anfr causes of action are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and/or collateral estoppel; and, Defendant claim all offsets and credits available under Chapter 33 of the Texas Civil Practice & Remedies Code. Defendants filed a Counterclaim for Breach of Contract; Suit on the Note and for Equitable Subrogation.

4. On August 29, 2013, Defendants filed their motion for summary judgment on Plaintiff's causes of action and on their claims for Breach of Contract and Suit on the Note. Defendants' motion for summary judgment was re-set for hearing on January 7, 2013. The parties agreed that Plaintiff's response to Defendants' motion for summary judgment would be due on December 13, 2013.

5. Summary judgment is improper in this case because there are genuine issues of fact.

## B. Statement of Facts

1. The following facts are incorporated from Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction ("Plaintiff's Original Petition"), a copy of which is attached hereto as Exhibit "A". These facts are verified, as demonstrated by the verification of Plaintiff Karen Moyer, which is attached to the Plaintiff's Original Petition.

2. The material facts in this case are simple and substantially not in dispute. Nevertheless, Ms. Moyer for months has been unable to get anyone at Seterus, or its

predecessor, or McCarthy to focus on the facts and acknowledge their mistakes and correct the problems they have caused. Unless stopped by the Court, they now plan to wrongfully foreclose on Ms. Moyer's real property located 5025 Junius, Dallas, Dallas County Texas 75214 (the "Property") on May 1, 2012 between 10:00 and 4:00 p.m.

3.     On January 8, 2004 Ms. Moyer refinanced the Property. The Home Equity lender was First Horizon Home Loan Corporation. Thereafter, upon information and belief, Fannie Mae acquired Ms. Moyer' loan. Seterus, or its predecessor IBM Lender, serviced the loan for Fannie Mae. Ms. Moyer paid her loan faithfully until she suffered a stroke. Even after Ms. Moyer suffered her stroke she maintained her home at 5025 Junius until it became clear that she would be unable to manage her home, at which time she moved into another residence until she rehabilitated to the point she could return to her home. When Ms. Moyer moved, she also had to consider the possibly of renting the Property, while she rehabilitated, or putting the Property on the market for sale, all considered in an attempt to mitigate her losses on the Property. When Ms. Moyer moved from the Property she informed Seterus, or its predecessor IBM Lender, that she would "winterize" the house and specifically told Seterus or IBM Lender to not do the "winterization". Ms. Moyer set about to have a contractor "winterize" the house, but when he arrived to do the work he discovered that Seterus, or its predecessor IBM Lender, had allegedly already done the "winterization". In fact there were stickers placed all over the house that reflected that the Property had been "winterized". Accordingly, Ms. Moyer did not have her contractor do the "winterization", depending on Seterus', or its predecessor's, representation that the Property had been "winterized". In fact the

Property had not been properly "winterized" by Seterus, or IBM Lenders, because the water to the Property was left on.

4.      Thereafter, in or about February of 2011, [almost 3 years ago], a pipe bust in the ceiling of an upstairs bedroom in the Property (during a Freeze in the North Texas region).  The burst pipe ran for at least a day without the water being shut off.  As a result of the bust pipe the Property suffered severe water damage to portions of the upstairs, the stairs, the kitchen and downstairs areas.  Ms. Moyer filed an insurance claim and sent the insurance check to Seterus, or its predecessor IBM Lender, pursuant to the terms of the Security Instrument.  Ms. Moyer sent the insurance check to Seterus, or its predecessor IBM Lender, in or about May 2011, [almost 3 years ago].  Since receiving the insurance checks [almost 3 years ago], neither Seterus, nor its predecessor IBM Lender, have released the insurance proceeds to Ms. Moyer to repair the Property and protect her interest in the Property.  Moreover, [it was not until February 13, 2013 (three years after the pipe burst at the Property) when this Court ordered the parties to appraise the Property that either IBM Lenders or Seterus made] an attempt to evaluate the Property in terms of their opinion of the economically feasible to repair the Property.  Seterus (and IBM Lenders before them) and Fannie Mae are required to undertake these steps pursuant to the terms of the Security Instrument -- either release the funds for repair or evaluate the Property as to their opinion of the economically feasible to repair the Property.  Instead, they have done nothing but prevent Moyer from mitigating her damages and interfere with her attempts to protect her interest in the Property.

## C.  Standard of Review

1.     Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

2.     Defendants who seek summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim, or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of her claim.  Rather, defendanta must demonstrate the absence of a genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. at 2555.  Only if defendanst meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

3.     In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).

### D.  Argument

#### 1.  Plaintiff's Claims

**a.**    **Plaintiff's breach of contract claim must not be dismissed because she does have a need to mitigate her damages.**

    i.    Defendants assert that Plaintiff has no need to mitigate her damages because Plaintiff's mortgage is governed by section 50(a)(6) of the Texas Constitution, asserting that as a result Plaintiff has no personal liability on the loan and that the mortgagee's sole recourse upon default is to purse a foreclosure sale of the Property.  Defendants' position in this regard is without merit.

    ii.    First, Plaintiff does have a need to mitigate her damages, because Defendants have raised, as an affirmative defense, that Plaintiff has failed to mitigate her damages.

    iii.    Second, even the most passing glance at Plaintiff's Original Petition reflects that what Plaintiff seeks by her lawsuit is the ability to have the insurance proceeds that were paid on the claim relating to the bust pipe released to repair the Property and sell the Property.  If the Property can be repaired and sold for an amount in excess of the amount owed to Defendants then not only will the Defendants have their loan repaid, but the Plaintiff will not suffer a loss on the Property (the loss being her damage) and thus Plaintiff will have mitigated her damages.  Because the Property has appraised for $390,000.00, (*See* Exhibit "B" attached hereto and incorporated herein in for all purposes as if set forth in full), which is more than the $377,869.56 the Defendants claim is owing on the Property, if the Property can be repaired and sold for the appraised value (reflected in Exhibit "B") the Plaintiff will realize $12,130.44 as a gain, which will

protect here interest in the Property and mitigate her loss on the Property and the damages claimed against the Defendants. Accordingly, because the Defendants have claimed that Plaintiff has failed to mitigate her damages (as an affirmative defense) they cannot now claim that she does not need to mitigate her damages, when circumstances exist that would allow her to protect her interest in the Property and to mitigate her damages, if the Property is repaired with the insurance money that the Defendants are holding without good reason.

    **b.**    **Plaintiff's claims must not be dismissed because the appraisal reflected in Exhibit "B" demonstrates that repair of the Property is economically feasible.**

        i.    Defendants assert that Plaintiff's claims fail because a neutral appraisal has shown that repair of the Property is not economically feasible. At the very least a genuine issue of material fact exists as to whether or not repair of the Property is economically feasible. The Property has appraised for $390,000.00, (*See* Exhibit "B" attached hereto and incorporated herein in for all purposes as if set forth in full), which is more than the $377,869.56 the Defendants claim is owing on the Property. If the Property can be repaired and sold for the appraised value (reflected in Exhibit "B") the Plaintiff will realize $12,130.44 as a gain, which will allow the Plaintiff to protect her interest in the Property and to mitigate her loss on the Property and the damages claimed against the Defendants. Thus, considering this evidence in the light most favorable to Plaintiff, as this Court must, there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, that precludes summary judgment.

    **c.**    **Plaintiff's breach of contract claim must not be dismissed because the Defendants were not authorized to hold the insurance proceeds, under**

**the circumstances of this case.**

i.      Considering the circumstances of this case the Defendants were not authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above.  According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.)  *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

ii.      In this case the Defendants have presented no evidence that the Lender [Defendants] and Borrower [Plaintiff] agreed in writing that the insurance proceeds relating to the loss on the Property would not be applied to restoration or repair of the Property.  Thus, according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property.

iii.      Next, as demonstrated above, a genuine issue of material fact exists as to whether or not repair of the Property is economically feasible.  Thus, according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property if the restoration or repair is economically feasible.

iv.      Finally, Defendants appear to assert that their security in the Property would be lessened in the situation where the borrower is in default and there is a

legitimate question as to whether repairs of the Property will protect the lender's security. *See* Defendants' Motion for Summary Judgment, ¶ 12, page 6. However, this circumstance is not the situation in this case. In this case there is a genuine issue of material fact as to whether or not it is economically feasible to repair the Property, which means that if the Property can be repaired and sold for the appraised value reflected in Exhibit "B" then the Property will protect the lender's security.

      v.     Accordingly, considering this evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds thus, precluding Defendants' Motion for Summary Judgment on Plaintiff's Breach of Contract claim.

      **d.**    **Plaintiff's claim for breach of the Duty of Cooperation must not be dismissed because there is a genuine issue of material fact as to whether or not the Defendants interfered with Plaintiff's ability to perform under the contract.**

      i.     As Defendants correctly assert, in order to prevail on her claim for Breach of the Duty of Cooperation, Plaintiff must demonstrate that the Defendants hindered, prevented, or interfered with her ability to perform her duties under the contract. In this case that cannot be more clear. First, it is stipulated that the Plaintiff had a duty to either pay her monthly mortgage payments or to pay the loan off in full. Thus, the question becomes whether or not the Defendants hindered, prevented, or interfered

with her ability to pay her loan off in full (because it is likewise clear that due to her health the Plaintiff was not able to maintain her monthly mortgage payments).

      ii.     Second, there is at least a genuine issue of material facts as to whether or not the Defendants hindered, prevented, or interfered with her ability to pay her loan off in full. As set forth above, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above. According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.) *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

      iii.     Accordingly, considering this evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were not authorized to hold the insurance proceeds which creates a genuine issue of material fact as to whether or not the Defendants hindered, prevented, or interfered with the Plaintiff's ability to pay her loan off in full, thus precluding Defendants' Motion for Summary Judgment on Plaintiff's

Breach of the Duty of Cooperation claim.

**e.**   **Plaintiff's request for injunctive relief must not be dismissed because she has pleaded viable cause of action and shown a probable right of recovery.**

i.   Defendants assert, erroneously, that Plaintiff has failed to plead a viable cause of action against Defendants and show a substantial likelihood of success on the merits and a probable right of recovery. First, Plaintiff has demonstrated above that a genuine issue of material fact exists as to whether or not it is economically feasible to repair the Property, thus precluding summary judgment with regard to her causes of action for Breach of Contract and Breach of the Duty of Cooperation. Therefore, a genuine issue of material fact exists as to pleading a viable cause of action against Defendants.

ii.   Likewise, as to "substantial likelihood of success on the merits" (Federal law) and "probable right of recovery" (Texas law) Plaintiff is not required to prove that she will ultimately prevail. *See Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir. 1985) and *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex. 1993). In this regard, as set forth above, considering the evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds and a genuine issue of material fact as to the amount of damages on Plaintiff's Breach of Contract and Breach of

the Duty of Cooperation claims which demonstrates a genuine issue of material fact as to

whether or not Plaintiff has a substantial likelihood of success on the merits of her case

and probable right of recovery on her case, thus precluding Defendants' Motion for

Summary Judgment on Plaintiff's application for a Temporary Restraining Order.

**f.** **Plaintiff's claims are not moot because the appraisal reflected in Exhibit "B" attached hereto demonstrates that repair the Property would sufficiently improve its value to permit the Plaintiff to sell the property for a profit and thereby pay off her indebtedness to the Defendants.**

i.    As set forth above, if the Property can be repaired and sold for an

amount in excess of the amount owed to Defendants then not only will the Defendants

have their loan repaid, but the Plaintiff will not suffer a loss on the Property (the loss

being her damage) and thus Plaintiff will have mitigated her damages.  Because the

Property has appraised for $390,000.00, (*See* Exhibit "B" attached hereto and

incorporated herein in for all purposes as if set forth in full), which is more than the

$377,869.56 the Defendants claim is owing on the Property, if the Property can be

repaired and sold for the appraised value (reflected in Exhibit "B") the Plaintiff will

realize $12,130.44 as a gain, which will protect her interest in the Property and mitigate

her loss on the Property and the damages claimed against the Defendants.

ii.    Thus, considering this evidence in the light most favorable to

Plaintiff, as this Court must, there is a disputed issue of material fact, concerning whether

or not repair of the Property would sufficiently improve its value to permit the Plaintiff to

sell the property for a profit and thereby pay off her indebtedness to the Defendants.

Accordingly, in this regard Defendants' Motion for Summary Judgment must be denied.

## 2. Defendants' Counterclaims

a. **Defendants are not entitled to summary judgment on their claim for breach of contract because Defendants breached their Duty of Cooperation and because they did not perform under the contract(s) sued upon.**

    i. **Defendants did not perform under the contract(s) sued upon because they held the insurance proceeds and were not authorized to hold the insurance proceeds, under the circumstances of this case.**

        A. Considering the circumstances of this case the Defendants were not authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above. According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.) *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

        B. In this case the Defendants have presented no evidence that the Lender [Defendants] and Borrower [Plaintiff] agreed in writing that the insurance proceeds relating to the loss on the Property would not be applied to restoration or repair of the Property. Thus, according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property.

        C. Next, as demonstrated above, a genuine issue of material fact exists as to whether or not repair of the Property is economically feasible. Thus,

according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property if the restoration or repair is economically feasible.

        D.     Finally, Defendants appear to assert that their security in the Property would be lessened in the situation where the borrower is in default <u>and</u> there is a legitimate question as to whether repairs of the Property will protect the lender's security. *See* Defendants' Motion for Summary Judgment, ¶ 12, page 6. However, this circumstance is not the situation in this case. In this case there is a genuine issue of material fact as to whether or not it is economically feasible to repair the Property, which means that if the Property can be repaired and sold for the appraised value reflected in Exhibit "B" then the Property will protect the lender's security.

        E.     Accordingly, considering this evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds. Thus, a genuine issue of material fact exists as to whether or not the Defendants performed, tendered performance or were excused from performing under the contract(s) at issue in this lawsuit, a necessary element for the Defendants to prove in order to recover on their Breach of Contract claim. Therefore, because the Defendants have failed to prove a necessary element in their claim for Breach of Contract this court

must deny Defendants' Motion for Summary Judgment on their Breach of Contract claim.

    ii.    **Defendants breached their Duty of Cooperation under the contract(s) at issue in this case.**

    A.    As Defendants correctly assert, in order to prevail on her claim for Breach of the Duty of Cooperation, Plaintiff must demonstrate that the Defendants hindered, prevented, or interfered with her ability to perform her duties under the contract. In this case that cannot be more clear. First, it is stipulated that the Plaintiff had a duty to either pay her monthly mortgage payments or to pay the loan off in full. Thus, the question becomes whether or not the Defendants hindered, prevented, or interfered with her ability to pay her loan off in full (because it is likewise clear that due to her health the Plaintiff was not able to maintain her monthly mortgage payments).

    B.    Second, there is at least a genuine issue of material facts as to whether or not the Defendants hindered, prevented, or interfered with her ability to pay her loan off in full. As set forth above, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above. According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.) *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

    C.    Accordingly, considering this evidence in the light most

favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were not authorized to hold the insurance proceeds which creates a genuine issue of material fact as to whether or not the Defendants hindered, prevented, or interfered with the Plaintiff's ability to pay her loan off in full. Thus, a genuine issue of material fact exists as to whether or not the Defendants performed, tendered performance or were excused from performing under the contract(s) at issue in this lawsuit, a necessary element for the Defendants to prove in order to recover on their Breach of Contract claim. Therefore, because the Defendants have failed to prove a necessary element in their claim for Breach of Contract this court must deny Defendants' Motion for Summary Judgment on their Breach of Contract claim.

      iii.    **Because the Defendants have failed to establish their entitlement to summary judgment on their Breach of Contract claim, the Defendants are not entitled to attorneys' fees.**

      A.    As set forth above, the Defendants have failed to establish their entitlement to summary judgment on their Breach of Contract claim. Accordingly, the Defendants are not entitled to attorneys' fees on their claim for Breach of Contract.

    **b.**    **Defendants are not entitled to summary judgment on their claim for suit on the note because Defendants breached their Duty of Cooperation and because they did not perform under the contract(s) sued upon.**

      i.    **Defendants did not perform under the contract(s) sued upon because they held the insurance proceeds and were not**

**authorized to hold the insurance proceeds, under the circumstances of this case.**

A.    Considering the circumstances of this case the Defendants were not authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above. According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.) *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

B.    In this case the Defendants have presented no evidence that the Lender [Defendants] and Borrower [Plaintiff] agreed in writing that the insurance proceeds relating to the loss on the Property would not be applied to restoration or repair of the Property. Thus, according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property.

C.    Next, as demonstrated above, a genuine issue of material fact exists as to whether or not repair of the Property is economically feasible. Thus, according to the Deed of Trust, the insurance proceeds that the Defendants are holding must be applied to restoration or repair of the Property if the restoration or repair is economically feasible.

D.    Finally, Defendants appear to assert that their security in the Property would be lessened in the situation where the borrower is in default and there is a

legitimate question as to whether repairs of the Property will protect the lender's security. *See* Defendants' Motion for Summary Judgment, ¶ 12, page 6. However, this circumstance is not the situation in this case. In this case there is a genuine issue of material fact as to whether or not it is economically feasible to repair the Property, which means that if the Property can be repaired and sold for the appraised value reflected in Exhibit "B" then the Property will protect the lender's security.

        E.      Accordingly, considering this evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds. Thus, a genuine issue of material fact exists as to whether or not the Defendants performed, tendered performance or were excused from performing under the contract(s) at issue in this lawsuit, a necessary element for the Defendants to prove in order to recover on their Suit on the Note claim. Therefore, because the Defendants have failed to prove a necessary element in their claim for Suit on the Note this court must deny Defendants' Motion for Summary Judgment on their Suit on the Note claim.

        **ii.**      **Defendants breached their Duty of Cooperation under the contract(s) at issue in this case.**

        A.      As Defendants correctly assert, in order to prevail on her claim for Breach of the Duty of Cooperation, Plaintiff must demonstrate that the Defendants hindered, prevented, or interfered with her ability to perform her duties under

the contract. In this case that cannot be more clear. First, it is stipulated that the Plaintiff had a duty to either pay her monthly mortgage payments or to pay the loan off in full. Thus, the question becomes whether or not the Defendants hindered, prevented, or interfered with her ability to pay her loan off in full (because it is likewise clear that due to her health the Plaintiff was not able to maintain her monthly mortgage payments).

      B.     Second, there is at least a genuine issue of material facts as to whether or not the Defendants hindered, prevented, or interfered with her ability to pay her loan off in full. As set forth above, there is a genuine issue of material fact as to whether or not the Defendants were authorized to hold the insurance proceeds, because there is a genuine issue of material fact as to whether or not repair of the Property is economically feasible, as set forth above. According to the Deed of Trust: "[u]nless Lender [Defendants] and Borrower [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." (Emphasis added.) *See* Exhibit "A-2", at ¶ 5, Defendants' Motion for Summary Judgment.

      C.     Accordingly, considering this evidence in the light most favorable to Plaintiff, as this Court must, because there is a disputed issue of material fact, concerning whether or not repair of the Property is economically feasible, and because that issue of material fact creates a genuine issue of material fact as to whether or not the Lender's security is lessened or adequately protected, there is a genuine issue of material fact as to whether or not the Defendants were not authorized to hold the

insurance proceeds which creates a genuine issue of material fact as to whether or not the Defendants hindered, prevented, or interfered with the Plaintiff's ability to pay her loan off in full. Thus, a genuine issue of material fact exists as to whether or not the Defendants performed, tendered performance or were excused from performing under the contract(s) at issue in this lawsuit, a necessary element for the Defendants to prove in order to recover on their Suit on the Note claim. Therefore, because the Defendants have failed to prove a necessary element in their claim for Suit on the Note this court must deny Defendants' Motion for Summary Judgment on their Breach of Contract claim.

      **iii.**    **Because the Defendants have failed to establish their entitlement to summary judgment on their Suit on the Note claim, the Defendants are not entitled to attorneys' fees.**

      A.    As set forth above, the Defendants have failed to establish their entitlement to summary judgment on their Suit on the Note claim. Accordingly, the Defendants are not entitled to attorneys' fees on their claim for Suit on the Note.

### E. Conclusion

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants Fannie Mae and Seterus, Inc.'s Motion For Summary Judgment be denied and that the Plaintiff recover any and all other relief to which she may show herself to be justly entitled whether at law or in equity.

Respectfully submitted,

**THE HARRIS FIRM, P.C.**
Attorneys and Counselors at Law
5050 W. Lovers Lane
Dallas, Texas 75209
214.956.7474 Office
214.956.7405 Fax
austin@harrisfirmpc.com

By:_____
      Austin H. England
      Austin H. England, P.C., Of Counsel
      Texas State Bar No. 06619750

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was served upon the following counsel via the method reflected below, on this the 13th day of December, 2013:

| | |
|---|---|
| Mark D. Cronenwett<br>Mackie Wolf Zientz & Mann, P.C.<br>14160 North Dallas Parkway, Suite 900<br>Dallas, Texas 75254<br>(214) 635-2686 (if by fax) | ____ via certified mail, RRR<br>_X_ via facsimile<br>____ via hand delivery<br>____ via overnight delivery service<br>____ via regular mail<br>____ via ECF system |
| Cole D. Patton<br>Melissa A. McKinney<br>McCarthy, Holthus & Ackerman, LLP<br>1255 West 15th Street, Suite 1060<br>Plano, Texas 75075<br>(214) 291-3801 (if by fax) | ____ via certified mail, RRR<br>_X_ via facsimile<br>____ via hand delivery<br>____ via overnight delivery service<br>____ via regular mail<br>____ via ECF system |

      Austin H. England

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS FANNIE MAE and SETERUS, INC.'s MOTION FOR SUMMARY JUDGMENT**    **Page 22**
X:\Harris - Clients\Business Litigation\Foreclosure Clients\Moyer, Karen\Karen Moyer\Response-MSJ\Response-MSJ-Brief.doc